# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD HVIZDAK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 14-1296 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Judge Cathy Bissoon |
| UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE, JODENE M. WEBER, *and* | ) | |
| BRIAN JAMES MURPHY, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

For the reasons that follow, United States of America, Jodene M. Weber, and Brian James Murphy's (collectively, "Defendants'"), Motions to Dismiss (**Docs. 9, 10, and 14**) will be GRANTED.

### I.  MEMORANDUM

Pending before the Court are the Motions to Dismiss (Docs. 9, 10, 14) filed, respectively, by the United States of America, Jodene M. Weber and Brian James Murphy, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants seek dismissal of all claims asserted in the September 22, 2014 Complaint (Doc. 1) filed by Richard Hvizdak ("Plaintiff"). Plaintiff's claims are asserted under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA"), the Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, and Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S.

388 (1971).[1] This Court ostensibly exercises subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1346(b)(1). For the following reasons, Defendants' motions will be granted.

Plaintiff is the partial owner of a Pittsburgh, Pennsylvania area pharmacy doing business as ANEWrx (the "pharmacy"), in which he purportedly invested $850,000. Compl. at ¶¶ 1, 14-16. Agents of the Federal Bureau of Investigation ("FBI") raided the pharmacy in March 2011, pursuant to its investigation into the unlawful writing and filling of steroid and human growth hormone prescriptions by pharmacy co-owner and manager, William Sadowski, and a non-employee physician, Richard A. Rysze. Id. at ¶¶ 16, 21-24. William Sadowski consequently is serving a prison term, and Richard A. Rysze currently is awaiting trial on charges stemming from the writing and filling of the aforementioned prescriptions. Id. at ¶¶ 17-19.

According to Plaintiff, the FBI raid resulted in the wanton and arbitrary deprivation of pharmacy property. Id. at ¶¶ 23-24. This included unspecified damage to locked filing cabinets following forced entry with crowbars; the ongoing seizure of personal medical files; the ongoing seizure of a "16 unit channel bank module" for the pharmacy's security system; and the ongoing seizure of sensitive pharmaceuticals worth approximately $300,000. Id. at ¶¶ 23-24, 27-28. Plaintiff believes that these actions by Defendants, made pursuant to a March 16, 2011 warrant issued by the United States District Court for the Western District of Pennsylvania, were violative of federal law and the Constitution. See id. at ¶¶ 21, 32-42. In 2013, Plaintiff filed a

---

[1] To the extent Plaintiff attempts to file a claim pursuant to the Civil Asset Forfeiture Reform Act, 28 U.S.C. § 2465 ("CAFRA"), the Court must dismiss the claim, with prejudice. CAFRA provides fees, costs, and interest to claimants who substantially prevail in civil forfeiture proceedings. Presently, Plaintiff has not substantially prevailed in a civil forfeiture case before this court; therefore, the remedies provided by CAFRA are unavailable to him. United States v. Approximately $16,500.00 in United States Currency, -- F. Supp. 3d --, 2015 WL 3972433, at *3 (M.D. Pa. June 30, 2015).

petition for return of property seized in accordance with Rule 41(g) of the Federal Rules of Criminal Procedure.  Id. at ¶ 25.  Following a hearing before a United States Magistrate Judge, Plaintiff's request was denied, with the exception of the return of personal medical files.  Id. at ¶ 26.  Plaintiff thereafter filed a Complaint in this Court on September 22, 2014.

As an initial matter, Defendants seek dismissal of Plaintiff's Complaint because Plaintiff allegedly lacks standing.  "A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." Constitution Party of Pa. v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014) (quoting Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007)).  In order to survive the Motions to Dismiss, Plaintiff must demonstrate the requisite stake in the outcome of his suit by showing: 1) injury-in-fact; 2) causation; and 3) redressability.  Id. at 360.  Whether Defendants' Motions are "facial" or "factual" attacks on standing determines the burden of proof and standard of review.  Id. at 357 – 58 (citing In re Schering Plough Corp. Intron, 678 F.3d 235, 243 (3d Cir. 2012)).

A facial attack considers only "a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the courts" due to some jurisdictional defect.  Aichele, 757 F.3d at 358.  This type of attack occurs prior to the filing of an answer or a challenge to the factual allegations of a complaint.  Id. (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 889 – 92 (3d Cir. 1977)).  It is judged under the same standard as a motion to dismiss pursuant to Rule 12(b)(6).  Id.  A factual attack concerns "'the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites.'"  Id. (quoting CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008)).  In such a case, a court may weigh the alleged facts, and consider evidence outside the pleadings.  Id.  The non-moving party's claims receive no

presumption of truthfulness. Id. "[P]laintiff has the burden of persuasion to convince the court it has jurisdiction." Gould Elec., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

The inquiry here is whether Plaintiff's articulated position as part-owner and investor in the pharmacy provides him with standing to sue for the seizure of the pharmacy's property. There is no dispute about Plaintiff's interest in the pharmacy. As a facial attack by Defendants, the Court will accept as true all allegations in Plaintiff's Complaint. Gould Elec., Inc., 220 F.3d at 177. However, in determining whether Plaintiff's pleadings are sufficient to invoke subject matter jurisdiction, the Court is compelled to take judicial notice of the existence of two ANEWrx entities registered with the Commonwealth of Pennsylvania: ANEWrx, L.P., and ANEWrx, L.L.C. Pennsylvania Department of State, https://www.corporations.pa.gov/ Search/CorpSearch (last visited Aug. 21, 2015). See Paschal v. Univ. of Pittsburgh Sch. of Med., 2010 WL 4854675, at * 3 (W.D. Pa. Nov. 22, 2010) (holding that the court may take judicial notice of public records for purposes of ruling on a motion to dismiss filed pursuant to Rule 12(b)(1)) (citing Anspach v. Phila., 503 F.3d 256, 273 n. 11 (3d Cir. 2007); Pinewood Estates of Mich. v. Barnegat Twp. Leveling Bd., 898 F.2d 347, 349 – 50 n. 4 (3d Cir. 1990)). ANEWrx, L.L.C., is further noted to be a general partner in ANEWrx, L.P. Pennsylvania Department of State, https://www.corporations.pa.gov/ Search/CorpSearch (last visited Aug. 21, 2015)

In his Complaint, Plaintiff fails to specify the nature of his ownership and involvement in the pharmacy. He also fails to address Defendants' arguments regarding standing in his responsive submissions. The Court notes that, as a general proposition, it is well established that without direct, individual injury, a shareholder in a corporation – even a sole shareholder – lacks standing to sue for injury to the corporation. Meade v. Kiddie Acad. of Domestic Franchising,

4

LLC, 501 F. App'x 106, 108 (3d Cir. 2012) (citing Jones v. Niagara Frontier Transp. Auth. (NFTA), 836 F.2d 731, 736 (2d Cir. 1987)). See also Bancroft Life & Cas., ICC, Ltd. v. Lo, 978 F.Supp.2d 500, 508 (W.D. Pa. 2013) ("'[D]erivative injury rule holds that a shareholder (even a shareholder in a closely-held corporation) may not sue for personal injuries that result directly from injuries to the corporation.'") (quoting In re Kaplan, 143 F.3d 807, 811 – 12 (3d Cir. 1998)). The injury must be something separate and distinct from the injury inflicted upon the corporation – something more than diminution in value of investments. *Lo*, 978 F.Supp.2d at 507 – 08 (citing Pitchford v. PEPI, Inc., 531 F.2d 92, 97 (3d Cir. 1975); Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727, 732 (3d Cir. 1970)).

While neither of the ANEWrx entities are traditional corporations, the effect, here, is similar. In order to satisfy the injury-in-fact element of standing, Plaintiff must show that Defendants' actions "'affect the plaintiff in a personal and individual way.'" Aichele, 747 F.3d at 361 (quoting In re Schering Plough Corp., 678 F.3d at 245). In Pennsylvania, "'limited partnerships are entities separate from their partners.'" In re Petition of Lawrence Cnty. Tax Claim Bureau, 998 A.2d 675, 679 (Pa. Commw. Ct. 2010) (quoting 61 PA. CODE § 91.154). "An individual who is a limited partner . . . cannot proceed in his individual capacity on behalf of a partnership. The limited partner's liabilities are not co-extensive with those of the partnership, as is the case for a general partner." Id. at 680 n. 9. Plaintiff has not alleged that he is a general partner in ANEWrx, L.P. Public records indicate that ANEWrx, L.L.C., is the general partner. As such, he has not alleged sufficient facts to establish his standing to bring the claims stated in his Complaint.

To the extent Plaintiff may have an ownership interest in ANEWrx, L.L.C., his membership interest will similarly afford him no relief. Where a plaintiff's complaint alleges

5

only harm to the limited liability company, the plaintiff cannot recover, because the harm to him or her, as a member, is indirect. Irish v. Ferguson, 970 F.Supp.2d 317, 348 (M.D. Pa. 2013). There must be factual allegations of a direct injury *to Plaintiff* in order to establish standing. Id. As above, Plaintiff has not demonstrated a direct injury to him, aside from the diminution of his investment stemming from the seizure of pharmacy property. Indeed, Plaintiff does not indicate – with any specificity – the nature of his alleged ownership interest, or by which entity the pharmacy was operated. The Complaint, even when viewed in the light most favorable to Plaintiff, fails on its face to invoke the subject matter jurisdiction of this Court.

Nonetheless, even if Plaintiff could plead facts adequate to establish that he had standing, the Court finds his claims against Defendants to be time-barred. With respect to Plaintiff's FTCA claims, 28 U.S.C. § 2401(b) requires a plaintiff to present his or her claim to the appropriate federal agency within two years of accrual. Pellegrino v. United States Transp. Sec. Admin., 855 F.Supp.2d 343, 355 (E.D. Pa. 2012); Sharrat v. Murtha, 437 F. App'x 167, 174 (3d Cir. 2011) (citing Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995)). In his Complaint, Plaintiff states that the pharmacy was searched and property was seized on March 21, 2011. Compl. at ¶ 5. He then clearly states that an administrative claim was not submitted to the Department of Justice until November 5, 2013. Id. at ¶ 11. This placed the administrative complaint over seven months beyond the two-year deadline. It is Plaintiff's belief that the principle of equitable tolling should be applied to excuse this delay.

Sufficiently inequitable circumstances will toll a limitations period "'(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'"

Santos ex. rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009) (quoting Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005)). Yet, equitable tolling is an extraordinary remedy to be used sparingly, and requires that a plaintiff demonstrate the "exercise of due diligence in pursing and preserving [a] claim." Id. (citing Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 94 (1990)).

Presently, Plaintiff simply claims that because the search warrant has remained sealed, he was unable to determine whether the scope of the search and the consequent seizures were proper. Def.'s Reply to April 29, 2015 Gov't Mem. (Doc. 33) at 3. Yet, Plaintiff does not explain why the sealed warrant prevented him from filing a timely administrative complaint regarding items he knew were seized and damages he claims to have incurred.[2] Moreover, there also is no evidence that Plaintiff took steps to diligently pursue his claims prior to filing his Complaint. As such, equitable tolling of Plaintiff's FTCA claims has not been justified, even when the facts pled are viewed in the light most favorable to Plaintiff.

With respect to Plaintiff's Bivens claims, the limitations period has also passed. The statute of limitations for Bivens claims is derived from the forum state's statute for the relevant tort. Kach v. Hose, 589 F.3d 626, 635 (3d Cir. 2009); Brown v. Tollackson, 314 F. App'x 407, 408 (3d Cir. 2008). In Pennsylvania, the relevant period is two years. Barren v. Allegheny Cnty. Pa., 607 F. App'x 130, 131 (3d Cir. 2015). The claim accrues "'when the plaintiff knew or should have known of the injury upon which his action is based.'" Id. (quoting Kach, 589 F.3d at 634). As discussed, the pharmacy was searched and property was seized on March 21, 2011. Compl. at ¶ 5. Plaintiff knew or reasonably should have known that he was injured by the

---

[2] Indeed, Plaintiff's argument is undermined by the fact that he did, ultimately, file an administrative action notwithstanding the fact that the search warrant remains sealed to this day. See Criminal Action No. 12-262. Clearly, Plaintiff was well aware that the sealed nature of the warrant was not a barrier to his claim.

7

allegedly improper search and seizures at that time.  Barren, 607 F. App'x at 132.  Yet, Plaintiff did not file the present Complaint until September 22, 2014 – approximately one year and six months beyond the two-year limitations period.  Plaintiff provides no justification for the delay.  As such, even viewed in the light most favorable to Plaintiff as the non-moving party, his Bivens claims are time-barred.

With respect to the passing of the limitations periods for Plaintiff's FTCA and Bivens claims, the inadequacies in Plaintiff's Complaint are unlikely to be remedied by supplemental pleadings.  As such, these claims will be dismissed, with prejudice.  See Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 245 – 46 (3d Cir. 2008) (dismissal with prejudice is appropriate when leave to amend would be futile).  Additionally, the Court does not have jurisdiction over Plaintiff's remaining Takings Clause claim.  Bellocchio v. N.J. Dept. of Envtl. Prot., 602 F. App'x 876, 879 (3d Cir. 2015) (holding that "takings" claims in excess of $10,000 must be brought in the Court of Federal Claims, pursuant to 28 U.S.C. § 1491(a)(1)) (citing E. Enters. v. Apfel, 524 U.S. 498, 520 (1998)).  Therefore, the entirety of Plaintiff's Complaint will be dismissed, with prejudice, and Plaintiff's motion to unseal the search warrant and motion to transfer his Takings Clause claim will both be denied as moot.

## II.  ORDER

For the reasons stated above, IT IS HEREBY ORDERED that Defendant's motions to dismiss (**Docs. 9, 10, 14**) are **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Complaint (**Doc. 1**) is **DISMISSED**, with prejudice.

IT IS FURTHER ORDERED that Plaintiff's motion to unseal the search warrant (**Doc. 19**), and motion to transfer (**Doc. 26**), are **DENIED** as moot.

IT IS FURTHER ORDERED that the Clerk shall mark this case closed.

August 31, 2015

                                                                           s/Cathy Bissoon_____
                                                                           Cathy Bissoon
                                                                           United States District Judge

cc (via ECF email notification):

All counsel of record.

cc (via First-Class U.S. Mail):

Richard Hvizdak
110 South Main Street
Pittsburgh, PA 15220